EBERT and another Trustees of RUTTER *against* SPANGLER.

## IN ERROR.

Trustees in a domestic attachment, issued by a Justice of the Peace, are entitled to the residue of money in the sheriff's hands, after satisfaction of an execution, on which the absconding debtor's property was sold, attached on such a domestic attachment, and this, although such trustees did not show that they had advertised for the creditors to come in, &c.

ERROR to the District Court of *York* county.

The plaintiffs in error who were plaintiffs below, and trustees of *Adam Rutter*, under a domestic attachment, brought this suit against *William Spangler*, sheriff of *York* county, to recover a surplus, arising from the sale of the personal property of the said *Rutter*, after satisfying an execution in his hands, upon which he had sold the said property, and which property was attached in his hands, subject to such execution.

On the 17th of September, 1828, the domestic attachment was issued by the justice, and on the same day the constable attached the property in the hands of the sheriff subject to an execution,

(Ebert *v.* Spangler.)

and certain foreign attachment, made this return of his writ, and the plaintiffs were appointed trustees.    On the 19th of September, the sheriff sold the property, and on the 6th of January, 1829, the Court of Common Pleas, in which the foreign attachment issued, quashed the said foreign attachments.

The defendant had demurred to the evidence of the plaintiff, and the court below gave judgment upon this demurrer in favor of the defendant, in which error was assigned here.

*Evans* and *Durkee* for the plaintiff in error;   Contended that the attachment was well layed on the property in the custody of the sheriff, which was beyond the amount necessary to satisfy the execution in his hands, that the surplus was not in the custody of the law, but in his hands for the use of the debtor: and that it was not necessary that the trustees should advertise until it was ascertained whether they could obtain any thing to distribute.   They referred to 1 *Leon*. 69, 264.   The act of the 2d of March, 1823, §3.   The act of the 4th of December, 1807.   The act of the 22d of August, 1752, §2.   *Purdon D.* 40, 41, 45.   2 *Dall.* 277.   2 *Harris & Gill Rep.* 24.   To which it was answered, by

*Gardner* and *Lewis* for the defendant in error.   That the goods levied were in the custody of the law, and one legal process can not be suffered to interfere with another, and that the trustees could not recover, without shewing that they had advertised for the creditors to come in, to know whether there were any whose claims exceeded one hundred dollars.    They cited 1 *Dall.* 354. *Serg. on Attachments*, 77. 86.   *Cro. Eliz.* 691.   1 *Penn. Rep.* 117.

Per Curiam.—The foreign attachments having been quashed, can affect the question no more than if they never had existed. The case, then, simply presents the claim of trustees in a domestic attachment, to the residue of money in the sheriff's hands, after satisfaction of an execution, on which the absconding debtor's property was sold; and is it possible to doubt of its solidity?   The trustees stand in the plea of the debtor, are invested with all his rights, and are clearly entitled to recover.

Judgment of the court below reversed, and judgment rendered here for the plaintiff.